IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jermel R. Daniels,<br>*a.k.a. Jermel Rashond Daniels*,<br><br>Plaintiff,<br><br>vs.<br><br>Off. Travis Cox;<br>Sgt. Holtzclaw;<br>Sgt. Powell;<br>Capt. Middleton;<br>Lt. Lark;<br>Sheriff Tony Davis;<br>Major Phillip Anderson,<br><br>Defendants. | C/A No. 0:09-2544-TLW-PJG<br><br><br>**REPORT AND<br>RECOMMENDATION** |

The Plaintiff, Jermel R. Daniels ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Greenwood County Detention Center ("GCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint names as defendants several GCDC employees.[1] Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

---

[1]Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."



## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a

*PJG*

potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

The Complaint indicates that, on September 5, 2009, Plaintiff got into a verbal disagreement with Defendant Cox regarding the manner in which Plaintiff was walking to his cell after a meal. Plaintiff states, "Mr. Cox told me I was not moving fast enough, so I told him I was moving fast enough for me . . . Mr. Cox walked up to my cell door and he said hurry up [and] get in." Plaintiff claims that Defendant Cox then "pushed [Plaintiff] in [Plaintiff's] upper chest with all his force causing [Plaintiff] to almost fall backwards."

Plaintiff backed away from Defendant Cox, who then "power kicked" Plaintiff's cell door closed.

Shortly thereafter, Defendant Holtzclaw informed Plaintiff that he was on lock down status. Plaintiff requested permission to see a doctor and was told, "no, you can't have any medical attention." Plaintiff was charged the next day by Defendant Powell for allegedly assaulting Defendant Cox. Plaintiff indicates that he wrote grievances to Defendants Middleton and Lark, however, they failed to respond to Plaintiff's concerns regarding the September 5th incident. Plaintiff fails to provide any factual information in the body of the Complaint regarding Defendants Anderson and Davis. Plaintiff seeks monetary damages and injunctive relief for the Defendants' actions.

## DISCUSSION

Plaintiff files the instant action, pursuant to 42 U.S.C. § 1983, alleging excessive force and deliberate indifference to medical needs. To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980); see also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167, 171 (1961).

As an initial matter, the Complaint makes no factual allegations against two of the named defendants: Sheriff Tony Davis and Major Phillip Anderson. In fact, Plaintiff does not even mention these defendants in the body of the Complaint. The Complaint's general claims of excessive force and deliberate indifference to medical needs, absent any personal allegations against Defendants Davis and Anderson, are insufficient to state a claim under § 1983. A Plaintiff must affirmatively show that a defendant acted personally

Page 4 of 8

PJG

in the deprivation of his or her constitutional rights. Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977). When a complaint contains no personal allegations against a defendant, that defendant is properly dismissed. See Karafiat v. O'Mally, No. 02-3992, 2002 WL 31845135, at **1 (6th Cir. Dec. 17, 2002); Whaley v. Hatcher, No. 1:08CV125-01-MU, 2008 WL 1806124, at *1 (W.D.N.C. Apr. 18, 2008). Although the court must liberally construe the *pro se* complaint, Plaintiff must do more than make mere conclusory statements to state a claim. Brown v. Zavaras, 63 F.3d 967, 972 (10th Cir. 1995); Adams v. Rice, 40 F.3d 72, 74-75 (4th Cir. 1994); White v. White, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). As Plaintiff provides no facts to connect Defendants Davis and Anderson to the alleged incidents on September 5, 2009, these defendants are entitled to summary dismissal from this action.

Next, Plaintiff claims that he was subjected to excessive force when Defendant Cox pushed Plaintiff in the upper chest. Plaintiff states that the contact nearly caused Plaintiff to fall and resulted in pain. However, to state a viable § 1983 claim for damages arising from the use of excessive force, the plaintiff must allege that he suffered more than a *de minimis* injury as a result of the excessive force. See Norman v. Taylor, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc) ("absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is *de minimis*"). In Taylor v. McDuffie, 155 F.3d 479 (4th Cir.1998), the Fourth Circuit held, "[e]ven if there is a genuine issue of material fact as to whether Defendants behaved maliciously or sadistically after the need for force has subsided," the plaintiff must also demonstrate that his or her injuries "resulting from such force are more than *de minimis*." Id. at 483 (citing

PJG

Riley v. Dorton, 115 F.3d 1159, 1166 (4th Cir. 1997)). The Fourth Circuit further held that a showing of more than a *de minimis* injury is an "element essential" to an excessive force claim. Taylor, 155 F.3d at 483.

Depending on the facts alleged, the issue of whether an injury is *de minimis* may be determined "as a matter of law." Carter v. Morris, 164 F.3d 215, 219 n. 3 (4th Cir. 1999) (plaintiff's alleged injury so "insubstantial that it cannot as a matter of law support her claim"). Furthermore, it has been held that allegations showing only pushing or shoving and temporary pain and/or swelling, but not permanent injury, following a forcible incident are not sufficient to support a claim for damages under 42 U.S.C. § 1983. See Wertish v. Krueger, 433 F.3d 1062 (8th Cir. 2006) (relatively minor scrapes and bruises and the less-than-permanent aggravation of a prior shoulder condition were *de minimis* injuries and insufficient to support claim of excessive force); Carter, 164 F.3d at 219 n.3 (claim that handcuffs were too tight and that an officer pushed plaintiff's legs as she got into the police car did not support claim); Norman, 25 F.3d at 1263-64 (swollen thumb was *de minimis*); see also Taylor, 155 F.3d at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers *de minimis*"); Stanley v. Hejirika, 134 F.3d 629, 637-38 (4th Cir. 1998) (bruises, swelling, and a loosened tooth constituted *de minimis* injury). In the present case, Plaintiff fails to allege *any* injury as a result of the September 5, 2009, shoving incident. Since the Plaintiff's allegations, liberally construed, show no injury resulting from the alleged excessive force incident, they fail to show facts that would support an essential element of a § 1983 excessive force claim. Therefore, Plaintiff's excessive force claim must fail.

PJG

Plaintiff also alleges that he requested, and was denied, medical treatment shortly after the altercation with Defendant Cox. With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Further, not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105; see also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). Plaintiff's Complaint indicates that he experienced pain after being shoved by Defendant Cox. However, Plaintiff provides no factual information to indicate that he suffered any serious injury, or that the defendants were deliberately indifferent to a serious medical need when they denied Plaintiff's request for medical treatment. As Plaintiff fails to establish a serious medical need, which is required to state a cognizable claim of deliberate indifference, Harrison v. Ash, 539 F.3d 510, 518 (6th Cir. 2008), Plaintiff's claim regarding the denial of medical treatment is subject to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance of service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 23, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).